MICHAEL KELLY, PROSECUTOR, v. THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF MORRIS-TOWN, ANGELO J. A. BENNELL AND FREDERICK ROFF, DEFENDANTS.

Decided June 6, 1923.

**Ordinances—Municipal—Violation of, to Run Jitney Bus—Suspension of License Without Notice—Conviction Set Aside.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *James H. Bolitho.*

For the defendants, *Nathaniel C. Toms.*

PER CURIAM.

The prosecutor was convicted in the Recorder's Court of the town of Morristown, of having, on July 19th, 1922, violated section 1 of an ordinance of the said town, entitled "An ordinance to license and regulate auto buses, commonly called jitneys," and was fined $10.

That part of the record which contains the conviction and the judgment reads as follows:

"Having considered the evidence I do find, on this July 21st, 1922, that the said Kelly did on July 19th, 1922, willfully and unlawfully operate said auto bus, commonly called jitney, in violation of section 1 of said first-mentioned ordinance as charged, and do find him guilty, and do convict him of violating section 1 of said ordinance, and I do order and adjudge that the said defendant be and is hereby fined ten dollars."

The complaint on which the defendant was arrested, tried and convicted, reads: "That on July 19th, 1922, said Kelly, being then and there the driver of a certain auto bus commonly called jitney, and being the holder of a license to

operate said bus under and by virtue of the terms of an or-
dinance of the town of Morristown, entitled 'An ordinance to
license and regulate auto buses, commonly called jitneys,'
passed December 23d, 1922, which said license was issued to
him on June 27th, 1922, but which said license, and the right
to operate said auto bus thereunder, was on July 17th, 1922,
by the mayor and board of aldermen of the town of Morris-
town, in accordance with said ordinance, duly and legally sus-
pended for the term of one week, that is, from the said July
17th, 1922, to July 24th, 1922, willfully and unlawfully op-
erated said auto bus in the town of Morristown, in the county
of Morris, in violation of section 1 of said ordinance."

Section 1 of the ordinance alleged to have been violated
reads: "No person or corporation shall operate any auto bus,
commonly called jitney, within the town of Morristown, until
he or it shall have first obtained a license so to do under the
ordinance."

Section 8 of the ordinance, as amended, provides:

"Any person or corporation found guilty of violating any
of the terms of this ordinance shall be liable to a fine for
each violation, of ten dollars."

Now the complaint upon which the prosecutor was appre-
hended makes it quite clear that he had obtained a license
from the town of Morristown to operate a jitney bus, and that
on the 19th day of July, 1922, the date of the alleged com-
mission of a violation of section 1, he was still the holder of
the license issued to him as above stated. The theory, upon
which the complaint seems to be founded, appears to be that
though the prosecutor had obtained a license from the town
to operate the jitney bus, as required by section 2 of the town
ordinance, nevertheless, since during the week beginning
July 17th, 1922, to July 24th, 1922, the license, for some
reason or other (the cause or reason not being stated in the
complaint), was suspended, that the operation of the auto bus
by the prosecutor on July 19th was a violation of section 1
of the ordinance. This seems to us to be clearly erroneous.
There is nothing contained in section 1 that prohibits the
operation of an auto bus by one who has obtained a license

and whose license is under suspension. Penal laws must be strictly construed, hence, unless there is some section of the ordinance providing a penalty for the operation of an auto bus by a person who has obtained a license to operate the same, but whose license is temporarily under suspension, none can be lawfully inflicted.

Section 7 of the ordinance, in substance, provides that all jitneys licensed thereunder shall be subject to inspection by the mayor and any member of the board of aldermen, and by any police or health officer both as to *condition* and *operation*, and if found to be unsafe or unsanitary or for any *other reason* deemed sufficient, the license may be without notice suspended by the mayor and board of aldermen, or the committee on licenses thereof; and if such defect is not remedied or such reason complied with within ten days after notice of such suspension the license may, by the mayor and board of aldermen, be revoked.

Without pausing to consider the reasonableness of this section of the ordinance in its entirety, and while it may be within the power of the mayor and board of aldermen to suspend a license where the jitney is found to be unsafe or unsanitary, which question does not become necessary to decide here, we think that the declaration "or for any other reason deemed sufficient" by the mayor and board of aldermen a license may be suspended, is clearly too indefinite, if not also too unreasonable.

Furthermore, as a license may be suspended without notice, it seems to us that the complaint in this case is insufficient to charge the prosecutor with a violation of section 1 of the ordinance, without alleging that he had notice or knowledge that his license was suspended. Although the mayor and board of aldermen are authorized by the ordinance to suspend the license in given cases, without notice, that fact cannot rationally carry with it that the prosecutor need not have any notice or knowledge of such suspension before he can be successfully prosecuted for a violation of his right under the license to operate. A natural sense of justice forbids such a thought.

The phrase in the complaint that the prosecutor's license was "duly and legally suspended" is a mere conclusion and opinion expressed on undisclosed facts, and is contrary to sound and valid pleading.

So, also, the phrase that the prosecutor "did willfully and unlawfully operate" the auto bus, &c., is a conclusion drawn from undisclosed facts.

For the reasons given, the conviction should be set aside, with costs.

We have not examined the other reasons urged on behalf of the prosecutor for setting aside the conviction, since we concluded that the complaint was insufficient and no ordinance on which to sustain the conviction.